# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

**ROBY WARREN**                                                                  **PLAINTIFF**

v.                                                 No. 4:16-CV-00724-JM-JTK

**NANCY A. BERRYHILL,**
Acting Commissioner,
Social Security Administration                                    **DEFENDANT**

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James Moody. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Roby Warren applied for social security disability benefits with an alleged onset date of September 14, 2012. (R. at 102). After a hearing, the administrative law judge (ALJ) denied his application. (R. at 49). The Appeals Council denied Warren's request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Warren has requested judicial review.

For the reasons stated below, the magistrate judge recommends affirming the Commissioner's decision.

**I.**     **The Commissioner's Decision**

The ALJ found that Warren had the severe impairments of ACL tear, hypertension, diabetes, and depression. (R. at 38). The ALJ found that Reed had the residual functional capacity (RFC) to lift and carry up to 10 pounds occasionally; sit a total of six hours in an eight-hour workday; stand/walk a total of two hours during an eight-hour workday; occasionally stoop, crouch, crawl, bend, kneel, balance, and use stairs; travel to and from the workplace with the use of a cane; perform simple, routine, and repetitive tasks with supervision that is simple, direct, and concrete; and have frequent contact with co-workers and supervisors and occasional contact with the general public. (R. at 41). This RFC precluded all of Warren's past relevant work. (R. at 47–48). The ALJ took testimony from a vocational expert (VE) and determined that Warren could perform jobs such as lampshade assembler or nut sorter. (R. at 48). The ALJ therefore held that Reed was not disabled. (R. at 49).

## II.  Discussion

Warren argues that the ALJ improperly discounted the opinions of his treating physicians, erred in finding him not entirely credible, erred in determining his RFC, and posed improper hypotheticals to the VE.

The Court is to affirm the ALJ's decision if it is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Even if it is possible to draw two inconsistent positions from the evidence, the Court must affirm if one of those positions represents the ALJ's findings. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

### a. The Treating Physician Opinions

The ALJ gave little weight to the opinions of Drs. Rutledge and Aukstuolis, Warren's treating physicians. (R. at 47). Warren argues that these opinions were entitled to deference, as they were from treating physicians, that the ALJ failed to make any finding concerning the physicians' credibility, and that the ALJ failed to identify specific inconsistencies between Dr. Aukstuolis's opinion and the record.

Concerning the ALJ's opinion lacking a credibility determination relating to the treating physicians, no such determination is required. As the Commissioner correctly notes, an ALJ weighs a provider's opinion based on a variety of factors, but the regulations do not require or contemplate a credibility examination such as that the ALJ performs in relation to the claimant. 20 C.F.R. § 404.1527(c). This argument therefore fails. The ALJ is required to give good reason for the weight given to a treating physician's opinion, however. *Hamilton v. Astrue*, 518 F.3d 607, 610 (8th Cir. 2008).

The ALJ weighed the opinions of both Drs. Rutledge and Aukstuolis. (R. at 47). The undersigned notes that Dr. Rutledge opined that Warren could lift and carry up to 20 pounds regularly and a maximum of up to 50 pounds, a higher exertional level than that found by the ALJ. (R. at 508). Notably, Warren suffered the knee injury that he saw Dr. Rutledge for in March 2012, yet he continued to work until October 2012. (R. at 338, 397). Dr. Rutledge noted that Warren had elevated blood pressure due to being out of medication on March 25, 2013. (R. at 389). The treatment records show that Warren did not see Dr. Rutledge between July 2013 and May 2014. (R. at 384, 502). Other providers found that Warren had normal range of motion and that his pain was out of proportion and recommended use of a brace rather than surgery. (R. at 404). These factors all weigh against giving substantial weight to Dr. Rutledge's opinion.

Dr. Aukstuolis's opinion reflects a number of marked limitations and suggests that he would have difficulty interacting with others. (R. at 512–15). As the ALJ noted, Dr. Aukstuolis stated in his report that Warren was compliant with treatment even though treatment records show that he was not compliant with medication. (R. at 416, 513). Further, a consultative examiner opined that Warren was exaggerating his symptoms for effect and lost much of the awkwardness in his gait when he was observed walking away after the examination. (R. at 400). The examiner also opined that Warren was capable of performing all activities of daily living. (R. at 401). These inconsistencies fully justify the ALJ's decision to give less weight to Dr. Aukstuolis's opinion.

The inconsistencies noted above were explored by the ALJ in the opinion. (R. at 47). Warren's argument that the ALJ failed to do so fails. AS the ALJ fully considered the opinions and provided good reasons for the weight given, the undersigned finds that the ALJ properly weighed the opinions.

### b. The Credibility Analysis

Warren also argues that the ALJ's credibility analysis failed to take into account his work record, restricted daily activities, and the ineffectiveness and side effects of his medication.

The Court is to defer to the ALJ's credibility determination if supported by good reason and substantial evidence. *Turpin v. Colvin*, 750 F.3d 978, 984 (8th Cir. 2014). An ALJ is to consider multiple factors in determining a claimant's credibility, including daily activities and whether the claimant's subjective complaints are consistent with the evidence as a whole. *Id.*

While Warren contends the ALJ did not consider his work history, the ALJ noted that Warren worked until October 2012 after suffering a knee injury in March. (R. at

47). The ALJ also found that Warren's conditions were stabilized or controlled with medication. (R. at 46). Warren states in a conclusory manner that the medications were not effective and had side effects, but he does not point to anything in the record offering substantial support for this assertion. The ALJ gave sufficient reasons for discrediting Warren's testimony.

### c. The RFC Determination

Warren next contends that the ALJ failed to consider his impairments in combination. He does not state what limitations the ALJ should have included in the RFC to account for his impairments in combination. The ALJ's RFC contains significant physical limitations related to Warren's knee impairment, blood pressure, and diabetes as well as limitations to unskilled work with simple, direct, and concrete supervision with only frequent contact with co-workers and supervisors and occasional contact with the general public. (R. at 41). Warren's argument does not hint at what is insufficient about these limitations, and the undersigned cannot agree that the ALJ failed to fully account for all of his impairments.

Warren similarly maintains that the ALJ erred in not finding him disabled because he was limited to less than the full range of sedentary work and should therefore be presumptively disabled. This is simply not the law. The ALJ was required to consult a VE to determine whether jobs meeting Warren's RFC existed in significant numbers. SSR 96-9P, 1996 WL 374185. The ALJ did precisely that, and Warren's argument fails.

### d. The Hypotheticals to the Vocational Expert

Warren finally contends that the ALJ did not fully describe his limitations in the hypothetical questions to the VE.

"A hypothetical question must precisely describe a claimant's impairments so that the vocational expert may accurately assess whether jobs exist for the claimant." *Newton v. Chater,* 92 F.3d 688, 694–95 (8th Cir. 2004). However, the ALJ only needs to capture the concrete consequences of the impairments, rather than using specific terminology. *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006). A hypothetical is sufficient if it sets forth the impairments that the ALJ accepts as true that are supported by substantial evidence. *Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005).

Here, the ALJ's hypotheticals laid out the limitations identified in the RFC. (R. at 96–97. As the undersigned finds that the RFC determination is supported by substantial evidence on the record as a whole, the hypothetical was also sufficient.

### III. Recommended Disposition

The ALJ, properly weighed the treating physician opinion evidence, performed a proper credibility determination, properly determined Warren's RFC, and posed sufficient hypothetical questions to the VE. The ALJ's decision is supported by substantial evidence on the record as a whole and is not based on legal error. For these reasons, the undersigned magistrate judge recommends AFFIRMING the decision of the Commissioner.

It is so ordered this 1st day of August, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE